UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-AP-02684-WYD

ADRIENNE BOIVIN,

      Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

      Defendant.
_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

      THIS MATTER is before the Court on a review of the Commissioner's decision

that denied Plaintiff's applications for disability insurance benefits under of the Social

Security Act.  42 U.S.C. §§ 401-433.  Plaintiff's application for Disability Insurance

Benefits ["DIB"] filed January 9, 2003 (Transcript ["Tr."] at 56-65) was denied on initial

determination.  *Id.* at 39-42.  Plaintiff then requested a hearing on March 17, 2003.  *Id.*

at 36.  Following a hearing on January 21, 2004 (*id.* at 262-85) Administrative Law

Judge ["ALJ"] Antoinette Martinez issued an Unfavorable Decision on March 11, 2004

("decision"), finding that Plaintiff was not disabled.  *Id.* at 12-25.

      In the decision, the ALJ found at step one of the five-step sequential analysis

required by law that Plaintiff has not engaged in substantial gainful activity ["SGA"]

since the alleged onset date, October 7, 2002.  *Id.* at 16, 24 (Finding 2).  As to steps

two and three, the ALJ found that Plaintiff's post-traumatic patellofemoral syndrome

and major depression were "severe," but concluded that Plaintiff's impairments,

individually or in combination, do not meet or medically equal one of the Listings. *Id.* at

17, 24 (Findings 3 & 4).  Specifically, the ALJ found that Plaintiff's impairment did not

meet Listing 1.02 because the record did not establish gross anatomical deformity,

chronic join pain and stiffness with signs of limitation of motion or other abnormal

motion of the affected joint, and findings on appropriate medically acceptable imaging

of joint spacing narrowing, bony destruction or ankylosis of the affected joint with

involvement of one major peripheral weight-bearing joint, resulting in inability to

ambulate effectively, as defined in 1.00B2b. *Id.* at 17.  As to the requirements of listing

12.04, the ALJ found that the record did not support findings of at least 2 of the

following: Marked restrictions in activities of daily living; marked difficulties in

maintaining social functioning; marked difficulties in maintaining concentration,

persistence, or pace; or repeated episodes of decompensation, each of extended

duration, and that Plaintiff did not have a medically documented history of a chronic

affective disorder of at least 2 years' duration. *Id.*

The ALJ then proceeded to evaluate Plaintiff's residual functional capacity

["RFC"] to perform the requirements of her past relevant work or other work in the

national economy. *Id.* at 17-20.  The ALJ observed that at the hearing, Plaintiff testified

that she sees a counselor for depression, has pain every day in her knee, and has

problems with memory. *Id.* at 18.  Plaintiff testified that she has not participated in

social activities or hobbies, does not sleep well, has crying spells at least once a day,

gets headaches when she has anxiety, cannot concentrate due to the pain, and that

-2-

she has been prevented from working because she has not been able to find a job.  *Id.*

However, the ALJ concluded that Plaintiff "retains the residual functional capacity

(mental) to perform at least unskilled work."  *Id.* at 20.  Specifically,

> [t]he claimant has the residual functional capacity to understand, remember
> and carry out simple instructions; lift 20 pounds occasionally and 10 pounds
> frequently; stand and walk for 6 hours a day and sit for 6 hours a day with an
> opportunity to change positions from standing/walking to sitting after one
> hour; and occasionally climb.  She should avoid crouching and crawling and
> concentrated exposure to extreme cold.

*Id.* at 24 (Finding 6).

As to Plaintiff's alleged physical limitations, the ALJ found that "the medical

evidence does not support the alleged severity of symptoms and limitations."  *Id.* at 19.

The ALJ concluded that the findings of Plaintiff's doctors, who treated her for her first

knee injury between April and September 2000, were inconsistent with disabling

severity.  *Id.*  Between August 2002 and May 2003, Plaintiff sought medical help for her

knees from Dr. Milliken and Dr. Young.  *Id.* at 19-20.  The ALJ gave substantial weight

to the opinions of Dr. Milliken and Dr. Young, as they were consistent with one another

and Plaintiff's description of daily living.  *Id.* at 20.  Plaintiff did not seek medical

assistance for carpal tunnel syndrome, and, thus, the ALJ concluded that "claimant's

symptoms are not as severe as she has alleged and diminishes her credibility."  *Id.*

As to Plaintiff's alleged depression, the ALJ determined that the findings and

opinions of the consultative psychologist, John Burt, Ph.D., who examined Plaintiff on

February 17, 2003, were inconsistent with Plaintiff's testimony.  The consultative

psychologist found that Plaintiff denied manic episodes and significant problems with

anxiety, that Plaintiff was oriented with adequate immediate memory, and diagnosed major depression with a global assessment of functioning (GAF) of 61, which is suggestive of mild deficits.  The ALJ further concluded that the opinions of the consultative psychologist were consistent with the State agency medical consultant's opinion and Plaintiff's description of daily activities.  *Id.*  The ALJ stated that she accorded "the opinions of the examining psychologist and medical consultant considerable weight."  *Id.*  Following the hearing, Plaintiff submitted new evidence from a mental health counselor, Stephanie Hotaling, who concluded that Plaintiff's affective disorder met the criteria in listing 12.04 with "marked" impairment in activities of daily living.  However, the ALJ gave little weight to Ms. Hotaling's opinion, concluding that a mental health counselor is not an "acceptable medical source."  *Id.*  Additionally, the ALJ stated that "the conclusions of the counselor are inconsistent with and contradicted by the findings and opinions by the consultative psychological examiner and State agency consultant . . . and her assumptions as to the claimant's mental limitations are not supported by the record as a whole.  Therefore, the undersigned accords the mental health counselor's opinion no significant weight (20 CFR § 404.1527)."  *Id.* at 21.

The ALJ also examined additional evidence submitted by Ken Kirchner, Ph.D., who conducted a psychological evaluation of Plaintiff in December, 2003.  Dr. Kirchner diagnosed Plaintiff with anxiety and depression with serious to severe levels and recommended immediate psychological and psychotropic intervention.  *Id.*  The ALJ found that Dr. Kirchner's opinion as to the nature and severity of Plaintiff's impairments

"appears to have been based on the claimant's subjective complaints, which are not fully persuasive," and that his assessment is "inconsistent with the detailed assessment from the examining psychologist . . . and the opinion of the State agency medical consultant, which are supported by the record as a whole." *Id.* The ALJ also noted that Dr. Kirchner's opinions were inconsistent with the findings and observations of Plaintiff's therapist, Elizabeth Leidig, LPC, and concluded that Dr. Kirchner's opinion was not persuasive. *Id.*

Finally, the ALJ considered the opinions of Ms. Leidig, LPC and Paula Yokoyama, RNNP, and noted that in contrast to the assessment by Ms. Hotaling and the serious nature of the recommended treatment by Dr. Kirchner, but consistent with the opinions of the consultative psychologist and the medical consultant with the State agency, Ms. Leidig gave Plaintiff a GAF of 58, indicative of moderate functioning. *Id.* The ALJ determined that the additional records submitted by Plaintiff were not persuasive in determining the extent to which her symptoms "limit her capacity for work as they are not supported by her medical treatment history, her daily activities, the medical signs and findings, or the opinions and observations from treating physicians, the consultative psychologist, and the medical consultant with the State agency." *Id.* The ALJ concluded that Plaintiff's testimony was not entirely credible and that Plaintiff has RFC despite her impairments.

At step four of the five-step analysis, the ALJ found that Plaintiff is unable to perform any of her past relevant work. *Id.* at 22, 25 (Finding 7). As to step five, the ALJ found that although Plaintiff's limitations do not allow her to perform the full range

of light work, she has the RFC to perform a significant range of light work and could perform work as a cashier, assembler of small parts, and order clerk.  *Id.* at 22-23, 24-25 (Findings 11 & 12).  The ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision.  *Id.* at 25 (Finding 13).

Following the ALJ's decision, Plaintiff submitted a Mental Health Provider Questionnaire, dated March 31, 2004, from Ms. Leidig and Ms. Yokoyama, as well as treatment records dated January 22, 2004 to April 2, 2004, from the Larimer Center for Mental Health.  *Id.* at 249-61.  In the Questionnaire, Ms. Leidig found marked impairment in Plaintiff's ability to make judgments on simple work-related decisions and in her ability to interact appropriately with the public.  *Id.* at 252.  Ms. Leidig also expressed the opinion that Plaintiff "does not seem capable of working on a sustained basis at this time."  *Id.* at 253.  On September 10, 2004, the Appeals Council declined review of the ALJ's determination (*id.* at 7-9),  making the case final for judicial review. This Court has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g).

II.     ANALYSIS

A.     Standard of Review

A Court's review of a finding that Plaintiff is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence.  *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown v. Sullivan*,

-6-

912 F.2d 1194, 1196 (10th Cir. 1990). It requires more than a scintilla of evidence but less than a preponderance of the evidence. *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although the court should carefully examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

B.    Analysis of Plaintiff's Arguments

Plaintiff first asserts that the Appeals Council did not properly consider the new evidence from Ms. Leidig and Ms. Yokoyama, submitted after the ALJ's decision of March 14, 2004. Plaintiff contends that the new evidence contains important, material evidence relating to Plaintiff's mental health RFC, and requests that this case be remanded for full evaluation of this new evidence. The Commissioner asserts that there is no reasonable possibility that the new evidence would alter the ALJ's decision, and that the ALJ's decision remains supported by substantial evidence.

Social security regulation 20 C.F.R. § 404.970(b) expressly authorizes a claimant to submit new and material evidence to the Appeals Council when seeking review of the ALJ's decision." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). "If the evidence relates to the period on or before the date of the decision, the Appeals Council 'shall evaluate the entire record including the new and material evidence

-7-

submitted . . . [and] then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id.* (quotation omitted).  "If the Appeals Council denies review, the ALJ's decision becomes the Secretary's final decision." *Id.* "This decision, in turn, is reviewed for substantial evidence, based on 'the record viewed as a whole.'" *Id.* (quotation omitted).  "[T]he new evidence becomes part of the administrative record to be considered when evaluating the [Commissioner's] decision for substantial evidence. *Id.* at 859.  If the new evidence submitted to the Appeals Council does not require a change in the outcome, the ALJ's determination "remains supported by substantial evidence" *Id.* at 859.

Here, the record indicates that the Appeals Council received Plaintiff's additional evidence and made it part of the record. Tr. at 10.  The Appeals Counsel stated in its Notice of Appeals Council Action, that it considered the additional evidence and "found that this information does not provide a basis for changing the [ALJ's] decision." Tr. at 8-9.  Because the Appeals Council considered the new evidence, I must review the new evidence as part of the record as a whole to determine whether the ALJ's decision is supported by substantial evidence.

Plaintiff contends that the ALJ erred in her weighing of the opinions of the mental health professionals.  Plaintiff complains that the ALJ assessed too much weight to the one-time consultative exam of Dr. Burt, while assessing no significant weight to the opinion of former treating therapist Stephanie Hotalling, M.A., and Dr. Kirchner. Plaintiff also contends that in light of the new evidence provided to the Appeals

Council, the ALJ's assessment of Plaintiff's RFC is not supported by substantial evidence. For the reasons set forth below, I agree with Plaintiff that the ALJ erred in her weighing of the mental health professionals in this case, and I conclude that the ALJ's decision is not supported by substantial evidence.

The ALJ concluded that Plaintiff has RFC, despite her mental and physical impairments. In reaching this conclusion, the ALJ gave substantial weight to the opinion of Dr. Burt, the consultative psychologist and the medical consultant with the State agency, who found that Plaintiff suffered from only mild or moderate deficits. The ALJ did not give significant weight to the opinions of Ms. Hotaling, Dr. Kirchner. The ALJ discounted Dr. Kirchner's opinion because (1) it was based on Plaintiff subjective complaints; (2) it was inconsistent with the opinion of Dr. Burt and the State agency medical consultant; and (3) it was inconsistent with the opinions of Ms. Leidig and Ms. Yokoyama.

First, while Dr. Kirchner's diagnosis may have been based on Plaintiff's subjective statements, it was speculation for the ALJ to assume that the evaluation was based only on Plaintiff's statements. The record indicates that Dr. Krichner administered several objective tests during his examination of Plaintiff. Tr. At 213-14. Further, it is improper for an ALJ to reject a psychological opinion because it is based on a claimant's responses. *Thomas v. Barnhart*, 147 Fed. Appx. 755, 759, 2005 WL 2114163 (10th Cir. 2005) ("[a] psychological opinion . . . 'may rest either on observed signs or on psychological tests'") (quoting *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004). As noted in *Thomas*, "[t]he practice of psychology is necessarily

-9-

dependent, at least in part, on a patient's subjective statements." *Thomas*, 147 Fed.

Appx. at 759.  "The ALJ cannot reject [a mental health practitioner's] opinion solely for

the reason that it was based on [the claimant's] responses because such rejection

impermissibly substitutes [the ALJ's] judgment for that of [the practitioner]." *Id.* at 760.

In addition, the ALJ's conclusion that Dr. Kirchner's opinions were inconsistent with the

opinions of Ms. Leidig and Ms. Yokoyama, as set forth in the additional records

submitted to the Appeals Council.  In the RFC analysis included with the additional

records, Ms. Leidig found marked impairment in Plaintiff's ability to make judgments

and in her ability to interact with the public, and expressed the opinion that Plaintiff was

not capable of working on a sustained basis.  These opinions are consistent with Dr.

Kirchner's opinion that Plaintiff suffered from serious to sever anxiety and depression

and required immediate psychological and psychotropic intervention.

        In addition, the ALJ gave "no significant weight" to the opinion of Plaintiff's

former treating therapist, Ms. Hotaling, because she found that a mental health

counselor is "not an acceptable medical source."  Ms. Hotaling treated Plaintiff on

several occasions between April and June 2003, and concluded that Plaintiff's affective

disorder met the criteria of Listing 12.04 with a "marked" restriction in activities of daily

living.  Tr. at 219, 223.  While Ms. Hotaling is not a "treating source" her opinions are

still relevant to show "the severity of [Plaintiff's] impairment(s) and how it affects [her]

ability to work.  20 C.F.R. § 404.1513.  The ALJ was not entitled to disregard the

evidence submitted from Ms. Hotaling simply because she is not a medical doctor.  As

the Eight circuit noted, "an ALJ is not free to disregard the opinions of mental health

providers simply because they are not medical doctors." *Duncan v. Barnhart*, 368 F.3d 820, 823 (8th Cir. 2004).  The amount of weight given to a medical opinion is to be governed by a number of factors including the examining relationship, the treatment relationship, consistency, specialization, and other factors." *Id*.  The ALJ's statement that she gave "no significant weight" to Ms. Hotaling's opinion does not explain in what way the ALJ gave weight to the opinion or what specific findings of Ms. Hotaling that she gave weight to.

I find that remand is proper because the ALJ did not properly weight the opinions of Ms. Hotaling, and because two the three reasons the ALJ gave for rejecting the opinions of Dr. Kirchner are improper and not supported by substantial evidence in the record.  In addition, I find that in light of the new evidence submitted from Ms. Leidig and Ms. Yokoyama, the ALJ's conclusion regarding Plaintiff's RFC is not supported by substantial evidence in the record.  On remand, the ALJ should reweigh the opinions of Ms. Hotaling, Dr. Kirchner as set forth herein, giving proper consideration to the new evidence submitted from Ms. Leidig and Ms. Yokoyama submitted to the Appeals Panel.

III.   CONCLUSION

Based upon the errors described above, I find that this case must be reversed and remanded for reweighing of the evidence and further fact finding consistent with this Order.

Accordingly, it is

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner

-11-

pursuant to 42 U.S.C. § 405(g).

Dated March 31, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge